# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK


| | | |
|---|---|---|
| DARLENE J O'BRIEN, | ) | CIVIL ACTION |
| **PLAINTIFF,** | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| FIRST UNUM LIFE INSURANCE COMPANY, | ) | CASE NO: |
| | ) | |
| **DEFENDANT** | ) | |

## COMPLAINT

Comes now Plaintiff **DARLENE J O'BRIEN** and sues **FIRST UNUM LIFE INSURANCE COMPANY** y and states:

### COUNT I:  ERISA §502(a)(1)(B) Claim

1.  This is an action for relief under ERISA, 29 U.S.C. §1001 et seq.

2.  This court has jurisdiction pursuant to ERISA §502 (e), 29 U.S.C. §1132(e).

3.  Defendant **FIRST UNUM LIFE INSURANCE COMPANY** is an insurance company which at all times material hereto was licensed to engage in and was in fact engaged in insurance business for profit in this State.

4.  Plaintiff is, and at all times material hereto was, a resident of Erie County, New York.

5.  Plaintiff was actively employed in Erie County by M & T Bank Corporation from November 27, 2000 until November 30, 2022.

6.  On December 29, 2021 plaintiff underwent a back surgery, a lumbar discectomy at L4-5, a surgery necessitated by back and lower extremity pain.  Plaintiff promptly returned to work after the holidays in January 2022.  Unfortunately plaintiff's back and lower extremity pain continued and worsened.

1

7.   On November 30, 2022 plaintiff ceased working for M&T because she was disabled from the duties of her occupation due to pain.   Surgery was scheduled for and performed on December 19, 2022.

8.   The surgery performed on December 19, 2022 consisted of a laminectomy and a fusion with instrumentation at L-4. L-5, and S-1.  Unfortunately the surgery was unsuccessful in that the fusion did not heal and the instrumentation screws were loose. Plaintiff continued to suffer severe pain. A third surgery involving removal of the loose instrumentation and a repeated fusion was scheduled for and performed in April 2024.

9.   At all times material hereto, Plaintiff was insured against disability pursuant to a policy of group long term disability insurance issued by Defendant **FIRST UNUM LIFE INSURANCE COMPANY**.  The policy provides for monthly disability benefits after the Elimination Period, 180 days after the onset of disability.

10. Defendant is and was the claims administrator of its long term disability policy and was acting under an inherent conflict of interest in making benefit claims decisions.

11. Defendant became disabled and has remained disabled since November 30, 2022.

12. Pursuant to the policy and long term disability plan Plaintiff is entitled to a monthly disability benefit since May 28, 2023 through to the present.  Despite this, nothing has been paid.

13. In addition to the long term disability policy, Defendant Unum also insured plaintiff pursuant to a life insurance policy which had a provision providing a waiver of premium for those participants who were disabled.  Defendant wrongfully denied the waiver of premium contending that plaintiff was not disabled and as a result Plaintiff lost the life insurance coverage.

14. All conditions precedent to the filing of this action have been accomplished or waived.

2

**WHEREFORE**, Plaintiff prays that this honorable court enter judgment against Defendants for

1.	Long Term Disability Benefits from May 28, 2023 to the present and continuing, together with interest thereon;

2.	Plaintiff's attorney fees and costs of action pursuant to ERISA §502(g), 29 U.S.C. §1132(g);

3.	Restoration of life insurance coverage on the life insurance issued by defendant and insuring plaintiff and for which premium waiver was wrongfully denied.

4.	Such further and additional relief, including equitable relief pursuant to ERISA §502(a)(3), as the Court deems fitting and proper.

### COUNT II  ERISA §502(a)(1)(B) Claim for Declaratory Relief

15.  Plaintiff realleges the allegations contained within Count I.

16. A dispute exists regarding Plaintiff's rights under the policy of insurance and plan, including plaintiff's rights to a fair hearing, and benefits due Plaintiff from the Defendant Insurance Company.  Plaintiff is entitled to a declaratory judgment concerning her rights under the plan pursuant to ERISA §502(a)(1)(B), 29 U.S.C. §1132 (a)(1)(B).

**WHEREFORE**, Plaintiff prays that this honorable court enter judgment against Defendants for

A.	Long Term Disability Benefits from May 28, 2023 to the present and continuing, together with interest thereon;

B.	Plaintiff's attorney fees and costs pursuant to ERISA §502(g), 29 U.S.C. §1132(g);

C.  Restoration of  life insurance coverage on the life insurance issued by defendant and insuring plaintiff and for which disability premium waiver was wrongfully denied.

D.  Such further and additional relief, including equitable relief pursuant to ERISA §502(a)(3), as the Court deems fitting and proper.

Dated this 6th day of March, 2026, at East Aurora, New York

_E. Peter Pfaff_

E. Peter Pfaff
*Attorney for the Plaintiff*
673 Main St., suite 5
East Aurora, New York  14052
(716) 652 2260

Email: peter@epeterpfaff.com